11 KUHN, J.,
concurring.
I write separately to point out an erroneous suggestion which seems to be inferred in some of the jurisprudence. There is no codal authority to support a procedure requiring that an aggrieved party must appeal the original judgment rendered in conformity with the jury’s verdict simultaneously with the judgment setting forth the trial court’s JNOV determination. The plain language of Article 1811 E of the Louisiana Code of Civil Procedure calls into question the propriety of such a procedure.
Louisiana Code of Civil Procedure Article 1811 E states:
If the motion for a judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for a judgment *152 notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this Article precludes the court from determining that the appel-lee is entitled to a new trial or from directing the trial court to determine whether a new trial shall be granted. (Emphasis added.)
Therefore, under Article 1811 E, at the direction of the court of appeal, the judgment rendered in conformity with the trial court’s JNOV determination may be remanded to the trial court for a ruling on a new trial motion. What becomes of the original judgment rendered in conformity with the jury’s verdict which is simultaneously before the court of appeal when the appellate court reverses the denial of the JNOV and under Article 1811 E the court of appeal directs the trial court to rule on the new trial motion? Do not all [¡■aggrieved parties have the right to lodge their complaints by appealing that new trial ruling? Thus, I believe the unclear language of Article 1811 E calls into question the proper time delays for appealing judgments when parties file motions for JNOV.
Likewise the jurisprudential practice of reviewing the propriety of the original judgment incorporating the jury’s verdict at the same time the appellate court reverses a trial court’s grant of JNOV.— whether or not that underlying judgment has been appealed simultaneously with the JNOV judgment — is also questionable because of the unclear language presently set forth in Article 1811 E. How does a JNOV-appellee know when the court of appeal will reverse the trial court so as to raise contentions with the original judgment in the appeal of the JNOV determination? If the underlying judgment is not simultaneously appealed with the subsequent JNOV judgment, does the court of appeal have authority to review that original judgment rendered in conformity with the jury’s verdict and render a decree? While La. C.C.P. art. 2164 might arguably be authority because an appellate court is mandated to render a judgment which is just, legal, and proper, the attorney considering and fashioning an appeal has no assurance of its uniform application among the courts exercising appellate jurisdiction.
For these reasons, the question may be asked if it would be proper for the Law Institute and the legislature to address the ambiguities created by the unclear wording of Louisiana Code of Civil Procedure Article 1811.